TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-502-SVW |
|---|---|
| Plaintiff, | EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION |
| v. | |
| ADAN TAPIA, JR., | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Kyle W. Kahan, hereby applies ex parte for a protective order (the "Protective Order") governing the use and dissemination of information related to personal identifying information.  Defense counsel does not object to the ex parte nature of this application, nor does defense counsel object to the Court entering a protective order in this matter.  Defense counsel has also agreed to adhere to the terms and conditions of the attached Protective Order until this

Court issues its ruling on the ex parte application. However, as explained in more detail therein, defense counsel objects to two provisions, namely, the writing requirement of paragraph 4(i) and the last sentence of paragraph 4(m) authorizing the government to redact PII from discovery covered by the protective order but unrelated to the charged offenses. Defense counsel intends to file an opposition to this ex parte application addressing these objections.

    This ex parte application is based upon the memorandum of points and authorities below and the proposed Protective Order attached to this application.

Dated: December 2, 2021       Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Kyle W. Kahan
KYLE W. KAHAN
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 26, 2021, the grand jury returned an indictment against defendant in <u>United States v. Adan Tapia, Jr.</u>, CR 21-502-SVW.  Defendant is charged with one count of 18 U.S.C. § 111: Assault on a Federal Employee, and one count of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5): Stalking.  Defendant is on bond pending trial.

As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendant and seeks to provide those documents to counsel for defendant.  However, the government seeks a protective order prior to production, because the government intends to produce to the "defense team" (defined in the Protective Order) materials related to personal identifying information of real persons, including, among other things, personal names, addresses, email addresses, phone numbers, and social media account names.  The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information of others.  If this information is disclosed to defendant without limitation, it will risk the privacy and security of the information's legitimate owners.  The government has an ongoing obligation to protect these victims and third parties.  The government cannot simply produce to defendant an unredacted set of discovery containing this information.

Personal identifying information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise her client, or prepare for trial.

Accordingly, the government requests a protective order that will permit the government to produce discovery that is related to the charged offenses, and is unredacted, but preserves the privacy and security of third parties while placing limitations on defendant's access to the discovery without the defense team present.

The parties have conferred about the terms of the proposed protective order and agreed to the majority of the language within the protective order. Despite these discussions, however, the parties have been unable to reach agreement as to the writing requirement of paragraph 4(i) and the last sentence of paragraph 4(m). Specifically, the last sentence of paragraph 4(m) allows the government to redact any PII contained in the production of Confidential Information. The writing requirement of paragraph 4(i) requires any witness or potential witness to the Confidential Information agree in writing to be bound by the requirements of the Protective Order. In the interim period between the filing of this application and the Court's ruling, the parties have agreed to be

4

bound by the terms and conditions of the full proposed protective order, without the modifications requested by defense.

## II. ARGUMENT

### A. The Redaction of Irrelevant Information from the Confidential Materials is Necessary to Protect Victim PII.

The government submits that the provision allowing the government to redact PII from the Confidential Materials is necessary, particularly in this case, given the need to safeguard third parties' PII that is not relevant to the underlying charges against defendant. Without such a provision, PII unrelated to the case, such as phone numbers, names, email addresses, residential addresses, and social media handles would be accessible to defendant and potential witnesses who view the material. Redacting such materials reduces the likelihood that such PII is inappropriately disseminated to other third parties. This case involves defendant's stalking of a single victim, Y.S., through email, social media, telephone, and in-person stalking, as well as a physically assaulting Y.S. whilst she worked. There is also evidence in the government's possession of a prior stalking incident unrelated to Y.S. that the government intends to use at trial under Federal Rule of Evidence 404(b).

Defendant is not charged with the assault or stalking of any other individual. Thus, the PII of the victims and witnesses unrelated to either the charged offenses or the prior offense is irrelevant and would be an unnecessary breach of those civilians' privacy.

5

### B. Requiring Witnesses to Agree to the Protective Order Terms in Writing Protects Third-Party PII from Improper Dissemination.

The government submits that requiring witnesses or potential witnesses agree in writing to be bound by the terms of the Protective Order is necessary given the importance of safeguarding the PII of the victim, as well as the victim and witnesses of the prior stalking incident. Without such a provision, witnesses or potential witnesses who are shown documents containing such PII would not be bound by the restrictions for disclosing such information beyond the defense team. Requiring witnesses or potential witnesses to agree in writing to the terms of the protective order also reduces the likelihood that such PII is inappropriately disseminated to other third parties. The entire purpose of the Protective Order is undermined if individuals are not clearly and adequately informed of its terms; the written acknowledgement reasonably advances that purpose. This reasonable writing requirement has been consistently upheld by courts in this district despite defense objections. See, e.g., United States v. Gallardo, No. 20-141-DSF, Dkt. 27 at 5; United States v. Hovhannisyan, No. 19-411-GW, Dkt. 22 (opinion); United States v. Sexton, No. CR 19-781-MWF, Dkt. 43; United States v. Quintanilla, No. 19-775-FMO-1, Dkt. 43; United States v. Reyes, CR 19-740-CJC, Dkt. 24; United States v. Monteagudo, No. CR 19-690-ODW-2, Dkt. 30; United States v. Arredondo, No. CR 19-582-JAK, Dkt. 23; United States v. Nezhadian, No. CR 18-829-ODW, Dkt. 18; United States v. Rodriguez, No. CR 18-268-PA, Dkt. 22; United States v. Ramirez, No. CR 17-17(A)-JLS-1, Dkt. 173.

Moreover, defendant has, for a period of two years, harassed, intimidated, and frightened Y.S. through the phone, personal visits, email, and social media. These include the transmission of sexually explicit photos and videos through email, personally visiting Y.S.'s residence, following and assaulting Y.S. as she worked, and creating fake social media accounts in Y.S.' name. Indeed, this pattern of harassment has even continued into 2021. To give defendant or any other witness unfettered and unprotected access to Y.S.' PII would be an invitation for him to continue his reign of terror on Y.S.'s life. The writing requirement would thus serve not only to protect the integrity of the case, but also the safety of Y.S. Given the lengths of defendant's stalking in this case, namely the creation of fake social media profiles in 2018 and his continued harassment in 2021, the writing requirement is a necessity to continue to protect Y.S. from defendant.

**III. CONCLUSION**

For these reasons, the government therefore respectfully requests entry of the proposed protective order, in its entirety, that it files together with this application.