CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
WASEEM SALAHI (Bar No. 325362)
waseem_salahi@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: (213) 894-2854
Fax: (213) 894-0081

Attorneys for Defendant
ADAN TAPIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>  v.<br><br>ADAN TAPIA,<br><br>  Defendant. | CASE NO. 2:21-cr-00502-SVW<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION; EXHIBITS 1–2** |

Defendant Adan Tapia, through his counsel, Deputy Federal Public Defender Waseem Salahi, files this opposition to the government's ex parte application for a protective order regarding discovery containing personal identifying information. He also files, under separate cover, an in camera document in support of his opposition.

                Respectfully submitted,

                CUAUHTÉMOC ORTEGA
                Federal Public Defender

DATED: December 3, 2021    By  /s/ Waseem Salahi
                                      WASEEM SALAHI
                                      Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

Adan Tapia objects to two conditions to the government's proposed protective order and, in addition to the below arguments, fleshes out his reasons for doing so *in camera*. The first condition requires witnesses to agree "in writing" to the protective order's terms before being shown protected materials. (Proposed Protective Order, Dkt. No. 18-1, ¶ 4(i).) Verbal agreement should suffice to satisfy the government's concerns, while still preserving Mr. Tapia's ability to successfully mount a defense. Other judges in this district have readily struck this requirement, and the government's citations to other cases are misleading; those cases involved protective orders that sought to protect against the disclosure of confidential informant materials or private financial information—or the defendant failed to file an opposition altogether.

Mr. Tapia also objects to the condition permitting the government, in its sole and unfettered discretion, to redact personal identifying information ("PII") belonging to other potential witnesses. (*Id.* ¶ 4(m).) The government should not get to determine which witnesses—who appear in the government's *own* discovery—are relevant to the defense. This provision will severely restrict the defense's ability to reach out to witnesses that might aid in Mr. Tapia's defense.

Also, because the government's proposed protective order does not define the term "Confidential Information," defense counsel proposes replacing that term with "PII Materials," which is defined.

An alternative protective order incorporating undersigned counsel's proposed changes and a redline are attached as Exhibits 1 and 2, respectively.

### A. Requiring witnesses to sign the protective order will hinder the defense function; verbal agreement suffices.

The government's proposed protective order prohibits defense counsel from showing protected information to any witness or potential witness unless the witness

2

first agrees "in writing" to be bound by the protective order. (Dkt. 18-1 ¶ 4(i).)[1] This provision interferes with defense investigation and trial preparation, and the government provides no persuasive reason to impose it. Other judges in this district have agreed to strike the "in writing" requirement. *See, e.g.*, *United States v. Barrow*, No. 20-cr-563-VAP, Dkt. 42 ¶ 5(j) (C.D. Cal. May 15, 2021) (confidential informant materials); *United States v. Zavala*, No. 19-cr-676-FMO, Dkt. No. 27 ¶ 6 (C.D. Cal. Apr. 7, 2020) (PII materials); *United States v. Albertson*, No. 18-cr-712-DMG, Dkt. No. 24 (C.D. Cal. Sept. 3, 2019) (PII materials); *United States v. Cisneros*, No. 18-cr-875-JAK, Dkt. No. 22 ¶ 4(g) (C.D. Cal. Mar. 13, 2019) (PII materials).

      The government's citations to other cases are misleading, given that the protective orders in those cases sought to prevent the disclosure of confidential informant materials or sensitive and private financial information—or the defendant failed to file an opposition altogether. *See United States v. Sexton*, No. CR 19-781-MWF, Dkt. Nos. 41, 43 (CI materials); *United States v. Gallardo*, No. 20-141-DSF, Dkt. Nos. 24, 27 (CI materials); *United States v. Quintanilla*, No. 19-775-FMO-1, Dkt. Nos. 41, 43 (CI materials); *United States v. Reyes*, CR 19-740-CJC, Dkt. Nos. 22, 24; *United States v. Monteagudo*, No. CR 19-690-ODW-2, Dkt. Nos. 29, 30 (CI materials); *United States v. Ramirez*, No. CR 17-17(A)-JLS-1, Dkt. 167, 173 (CI materials); *United States v. Hovhannisyan*, No. 19-411-GW, Dkt. 22 (private financial information); *United States v. Nezhadian*, No. CR 18-829-ODW, Dkt. Nos. 17, 18 (private financial information); *United States v. Rodriguez*, No. CR 18-268-PA, Dkt. Nos. 20, 22 (private financial information). In some of these cases and others, the defendant didn't even file an opposition, leaving judges with no clear guidance on why the "in writing" condition was unnecessary. *See United States v. Arredondo*, No. CR 19-582-JAK, Dkt. 23 (no opposition filed); *United States v. Nezhadian*, No. CR 18-829-ODW, Dkt. 18 (no

---

[1] The provision states: "Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order."

opposition filed); *Monteagudo*, No. CR 19-690-ODW-2, Dkt. Nos. 29, 30 (no opposition filed). When the defendant *did* flesh out his objection in one case, Judge Kronstadt removed the condition. *Compare Cisneros*, No. 18-cr-875-JAK, Dkt. No. 22 ¶ 4(g) (removing condition upon objection), *with Arredondo*, No. CR 19-582-JAK, Dkt. 23 (keeping condition when no opposition filed).

A defense investigation proceeds in a different form than a government investigation. Witnesses often perceive government agents as authority figures acting on behalf of the public's interest. Defense investigators do not enjoy the same perception. Instead, they must often mitigate witness misimpressions that the defense is acting against the public interest or seeking to undermine the witness's prior statements to law enforcement. The relationships defense investigators have with witnesses are often delicate, qualified, and temporary.[2] Requiring written agreements with witnesses hampers a defense investigation and provides the government with an unfair advantage because a witness approached by a defense investigator may be unwilling to sign a legal obligation in order to meaningfully interview, or interview at all, with the investigator. A witness may further feel uncomfortable signing a document based solely on a defense counsel's representation of its contents. And by the protective order's terms, the requirement is unilateral—government investigators are not required to execute similar written agreements. Thus, the defense is concerned the government's proposed protective order will allow the government, in effect, to interfere with defense access to witnesses.

This Court should therefore impose a requirement no greater than necessary to safeguard the government's concerns, while still protecting a defendant's constitutional right to mount a defense. Requiring a witness's **verbal** agreement to abide by the protective order will satisfy the goals of each party. The defense can provide adequate

---

[2] Defense counsel has personal experience with how difficult it can be to engage witnesses and is in the best position to know how witnesses might react when they are instructed to sign a legal order.

notice to witnesses by advising them of the protective order's terms and the sensitivity of the information that is being disclosed, and ensuring that they agree to be bound by the protective order's requirements before showing them protected information. This proposed modification is reasonable.

Although some courts have simply struck the "in writing" requirement altogether, or added verbal agreement as a sufficient alternative, defense counsel offers a more restrictive alternative, which should fully satisfy the government's concerns:

> The Defense Team may review PII Materials with a witness or potential witness in this case, including defendant upon the following terms: (1) a member of the Defense Team must be present whenever any PII Materials is being shown to a witness or potential witness; (2) before a witness or potential witness is shown any portion of PII Materials, a member of the Defense Team must review the terms of the Protective Order with the witness or potential witness; and (3) the witness or potential witness must agree in writing or orally to be bound by the requirements of the Protective Order. Defense counsel shall maintain a schedule of witnesses and potential witnesses who have been shown PII Materials. The government can request by order of the Court production of that schedule, and the defense is not precluded from asserting any applicable privilege or statutory or constitutional right against production should a request for its production be made. No member of the Defense Team shall permit a witness or potential witness to retain PII Materials or any notes generated from PII Materials.

Last, the government provides no persuasive reason, despite bearing the burden to do so, to impose an "in writing" requirement. At most, the government rehashes allegations against Mr. Tapia. (*See* Gov't EPA at 7.) Although those allegations might provide reasons to impose a protective order against *him*, they provide no reason to suspect that witnesses or potential witnesses will use that information in an abusive or harassing manner against the alleged victim.

The "in writing" provision is unnecessary. It can be replaced with a less restrictive, but still protective, requirement that the witness agree to abide by the protective order orally. Any other requirement would hinder Mr. Tapia's ability to mount a defense.

**B.     The government should not be authorized to further redact materials that the protective order already safeguards.**

Mr. Tapia also objects to the government's request to redact discovery even where a protective order has been entered by the Court. The purpose of the protective order is to address the existence of PII materials contained in the discovery. Thus, there is no reason to redact discovery once a protective order is in place, given the restrictions the order places on the discovery's use and dissemination. Although that provision might make sense when the discovery includes sensitive information about a confidential informant—information that the government likes to safeguard until trial becomes imminent—this provision is inappropriate here, where no confidential informants are involved. Instead, defense counsel should receive a complete, unredacted set of discovery.

The government's argument to the contrary explains precisely why such a provision prejudices the defense. The government expressly wants to limit the defense's access to information belonging to other potential "victims and witnesses," which, in its independent view, does not relate to the charged offenses. (Gov't EPA at 5.) How the government will determine whether these witnesses are relevant to the defense is unclear. In any event, this provision will severely hamper the defense's ability to independently investigate witnesses. It places Mr. Tapia in the position of having to justify to the government why he needs particular witnesses' information. Lay witnesses should be equally available to both the government and the defense, regardless of whether the government deems them important or relevant. Having to seek disclosure from the government unnecessarily discloses to the prosecution defense strategy, investigation, and work product.

This provision is unnecessary, will hamper the defense function, and should be rejected.

//

## II. CONCLUSION

Defense counsel requests the above modifications and attaches a proposed protective order and redline as Exhibits 1 and 2, respectively.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

DATED: December 3, 2021          By  /s/ Waseem Salahi
WASEEM SALAHI
Deputy Federal Public Defender